408

**UNION PAVING CO. to Use of UNITED STATES CAS. CO. v. THOMAS et al.**

**Civ. A. No. 8549 of 1948.**

United States District Court
E. D. Pennsylvania.

July 24, 1951.

See also 103 F.Supp. 406.

Raymond A. White, Jr., Philadelphia, Pa., for plaintiff.

Edwin S. Heins, Philadelphia, Pa., for defendant.

Raymond A. White, Jr., Walter B. Gibbons, Philadelphia, Pa., for third-party defendants.

WELSH, District Judge.

In July, 1946, the plaintiff, after a general contract had been awarded to it by the

Commonwealth, entered into an agreement with the defendants by the terms of which the defendants agreed to perform certain work for the improvement of Route 142, Sections 15 and 16, in Chester and Delaware Counties, Pennsylvania.

Article (17) of the aforementioned agreement between plaintiff and defendants provides: "The Sub-Contractor hereby assumes entire responsibility and liability in and for any and all damage and injury of any kind or nature whatever to all persons, whether employees or otherwise, and to all property caused by or resulting from the execution of the work provided for in this contract, or occurring in connection therewith, and agrees to indemnify and save harmless the General Contractor, its agents, servants and employees from and against any and all loss, expense, damage or injury caused or occasioned directly or indirectly by the act or negligence of the Sub-Contractor, his agents, or employees, or resulting from the use by the Sub-Contractor, his agents or employees, of any materials, tools, appliances, works or machinery or other property of the General Contractor, whether the same arises under the common law or the so-called Workmen's Compensation Law (which may be in effect in the locality in which the work is situated) or otherwise. In the event of any such loss, expense, damage or injury, or if any claim or demand for damage is made against the General Contractor its agents, servants or employees, the General Contractor may withhold from any payment due or hereafter to become due to the Sub-Contractor under the terms of this contract, an amount sufficient in its judgment to protect and indemnify it from any and all claims, expense, loss, damage or injury, or the General Contractor in its discretion, may require the Sub-Contractor to furnish a surety bond satisfactory to the General Contractor, guaranteeing such protection, which bond shall be furnished by the Sub-Contractor within five days after written demand has been made therefor."

The plaintiff, as a result of a jury verdict against it on April 16, 1948, in the United States District Court for the Eastern District of Pennsylvania, became obligated to pay and did pay to one Jeremiah M. Downey the sum of $12,599.83.

The plaintiff, interpreting the above-quoted article as an agreement of indemnity and not having been indemnified by the defendants in accordance therewith, instituted the present action to recover the sum it was compelled to pay to Jeremiah M. Downey.

The case having been tried before the Court without a jury and briefs having been submitted by counsel for the parties, the Court now makes the following

## Findings of Fact

1. On December 12, 1946, the defendants, sub-contractors, had dug a ditch in the Lincoln Highway, near Strafford, Chester County, Pennsylvania, pursuant to their agreement with Union Paving Company, the general contractor.

2. On the aforesaid date, at about five o'clock in the afternoon the ditch had been adequately and properly safeguarded, but at about midnight when Jeremiah M. Downey drove his motor vehicle into it and sustained serious and permanent injuries the ditch had been made unsafe in that the lights had been extinguished and the barricades and directional traffic signs had been misplaced.

3. The plaintiff, Union Paving Company, agreed to furnish a watchman on the job. It was the duty of the watchman furnished by the plaintiff inter alia to properly maintain the lights and barricades and to properly place the directional traffic signs.

4. The failure of the watchman supplied by plaintiff to properly discharge his duty as aforesaid constituted negligence and said negligence was the sole cause of the accident which resulted in serious and permanent injuries to Jeremiah M. Downey.

## Discussion

■ Is the plaintiff under Article (17) of the written contract between it and the defendants entitled to indemnification in the amount of the Jeremiah M. Downey judgment? We conclude that it is not, for in our judgment it was not the intent of the parties to indemnify the General Contractor for loss or damage sustained as the

result of its own negligence. The reasons for our concluding that the parties did not so intend appear below.

(1) It is well settled that, while an agreement of indemnity is construed against one whose business it is to enter into such agreements, the rule is otherwise where as in the present case the indemnitors are not regularly engaged in such business. In the latter case the liability of the indemnitors is to be strictly construed. City of Philadelphia v. Philadelphia Gas Works Co., 49 Pa.Dist. & Co.R. 314. Application of this rule of strict construction to the instant case means that liability can be imposed upon the defendants, the indemnitors, only if loss or damage due to the negligence of the plaintiff is specifically set forth in Article (17), the agreement of indemnity. It is not; thus no liability can be imposed.

(2) There is an additional reason why the liability of the indemnitors, the defendants in the present case, should be strictly construed with every intendment against the plaintiff who is seeking the protection of the indemnity agreement contained in Article (17). The negligent act of the plaintiff which in reality is the basis of the present action relates to the violation of a public duty imposed upon said plaintiff as one engaged in public works. This public duty is such that as against third persons injured as a result of the violation of said duty it is legally impossible to delegate it. It is true that the General Contractor's attempt to delegate is public duty in the present case was with respect to the defendants and not as against third persons. Notwithstanding, under the rule of strict construction the delegation will not be deemed legally accomplished unless done by clear, precise and unequivocal language. Manufacturer's & Merchants Building & Loan Ass'n v. Willey, 321 Pa. 340, 183 A. 789. It is apparent from a reading of the language of Article (17) no such clear, precise and unequivocal delegation is present; it must therefore be concluded that the parties did not contemplate indemnification for the negligent act of the plaintiff.

(3) The parties did not treat Article (17) as an agreement by the sub-contractors to indemnify the general contractor for loss or damage due to its, the general contractor's, own negligence.

a. The evidence shows that after Jeremiah M. Downey had brought an action against Union Paving Company said Union Paving Company made payment to the defendants of the balance due on the contract in question, despite the fact that it, Union Paving Company, had the right under Article (17) in the event of any loss, expense, damage, injury or claim, etc., as described in said Article (17) to withhold from any payment due the defendants under the contract an amount sufficient to protect and indemnify it from any and all claims, etc. Indeed, the checks in evidence show other payments to the defendants after the commencement of the Jeremiah M. Downey suit.

b. Another circumstance showing that the plaintiff did not consider Article (17) as affording it protection against its own negligence is that it was insured for public liability. We assume it intended to rely on said public liability insurance—as in fact it did when Jeremiah M. Downey brought suit against it.

c. No other accident occurring on the job—and the record discloses there was at least one—was referred to the defendants as their liability under Article (17).

## Conclusions of Law

1. The failure of the watchman supplied by plaintiff to properly maintain the lights, barricades and directional traffic signs constituted negligence and said negligence was the sole cause of the accident and resulting injuries to Jeremiah M. Downey.

2. The agreement of indemnity contained in Article (17) of the written contract between plaintiff and defendants did not include loss or damage due to the negligent act of the plaintiff.

3. The within complaint will be dismissed.

An order in conformity with the foregoing opinion and providing that defendants' costs be paid by plaintiff will be entered.